UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FREE LAZOR,<br><br>      Plaintiff,<br><br>      v.<br><br>THE DREAM CENTER, et al.,<br><br>      Defendants. | Case No.  25-cv-10902-AGT<br><br><br>**ORDER ON (I) MOTION TO DISMISS<br>(II) MOTION TO APPEAR BY<br>TELEPHONE**<br><br>Re: Dkt. Nos. 20, 27 |

Defendants have moved to dismiss the complaint (dkt. 20), and the deadline by which Plaintiff was required to file an opposition or a statement of nonopposition has passed. *See* Civil L.R. 7-3(a), (b).

"A district court is not required to examine the merits of an unopposed motion to dismiss before granting it." *Heinnickel v. Network Cap. Funding Corp.*, No. 25-CV-00174-PCP, 2025 WL 808072, at *1 (N.D. Cal. Mar. 12, 2025) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)). Also, a district court may dismiss an action for failure to prosecute when the plaintiff doesn't respond to a motion to dismiss. *See id.* at *1–2 (citing Fed. R. Civ. P. 41(b)). Before taking either of these steps, the Court will allow Plaintiff to respond.

By June 5, 2026, Plaintiff must either file an opposition to Defendants' motion to dismiss or file a statement showing cause for why this action shouldn't be dismissed for failure to prosecute. The Clerk of the Court shall vacate the motion-to-dismiss hearing and the initial case management conference until further notice. Defendants' motion to appear by telephone at the motion-to-dismiss hearing (dkt. 27) is denied as moot.

**IT IS SO ORDERED.**

Dated: May 15, 2026

Alex G. Tse
United States Magistrate Judge