UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE LAZOR,<br>Plaintiff,<br>v.<br>THE DREAM CENTER, et al.,<br>Defendants. | Case No. 25-cv-10902-AGT<br><br>**ORDER ON MOTION TO DISMISS**<br>Re: Dkt. No. 20 |

Proceeding pro se, Plaintiff alleges that while residing at a transitional housing facility as a parolee, he was repeatedly bitten by bedbugs. He alleges that the facility's owner and two nonprofits affiliated with the facility (together, Defendants) knew about a longstanding and pervasive bedbug infestation but failed to remediate it. He seeks damages under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments.

Defendants have moved to dismiss the first amended complaint. Dkt. 20.[1] For the reasons that follow, the Court grants the motion with leave to amend.

[1] Plaintiff amended once as a matter of course. *See* Dkt. 5; Fed. R. Civ. P 15(a).

* * *

Section 1983 claims are "generally not applicable to private parties." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). Only if private parties' acts are "fairly attributable to the government" can a plaintiff sue them under § 1983. *Id.* (citation modified). "The Supreme Court has articulated four tests for determining whether a private party's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012) (quoting another source). None of these tests is met here.

1. <u>Public Function Test</u>. "[A] private entity may qualify as a state actor when it exercises powers traditionally exclusively reserved to the State." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (citation modified). To qualify, the State must have "traditionally *and* exclusively performed the function" at issue. *Id.* "While many functions have been traditionally performed by governments, very few have been 'exclusively reserved to the State.'" *Flagg Bros. v. Brooks*, 436 U.S. 149, 158 (1978).

Plaintiff hasn't established that running a transitional housing facility is a function that the State has traditionally and *exclusively* performed. Such facilities are commonly run by private entities that partner with the State, as happened here. In the absence of contrary authority, the Court concludes that Plaintiff hasn't satisfied the public function test.

2. <u>Joint Action Test</u>. "The joint action test asks 'whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights.'" *Tsao*, 698 F.3d at 1140 (citation omitted). "Crucially, it is not enough to show an agreement to do *something*; the private party and the government must also have agreed on what the something is." *Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742, 755 (9th Cir.

2024), *cert. denied*, 145 S. Ct. 2846 (2025). Here, the alleged constitutional deprivation is predicated on allegations that Defendants knew of, and concealed, a longstanding bedbug infestation. However, because Plaintiff doesn't allege that any state officials knew of the infestation, he hasn't plausibly alleged that state officials acted in concert with Defendants to deprive Plaintiff of his constitutional rights. The joint action test isn't satisfied.

3. State Compulsion Test. "State action may be found under the state compulsion test where the state has 'exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice must in law be deemed to be that of the State.'" *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997) (alteration in original) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). Here, the state compulsion test isn't met because Plaintiff hasn't alleged facts supporting that the State coerced or encouraged Defendants to conceal a bedbug infestation.

4. Governmental Nexus Test. Finally, the nexus test is met when "there is pervasive entwinement of public institutions and public officials in the private actor's composition and workings." *O'Handley v. Weber*, 62 F.4th 1145, 1157 (9th Cir. 2023) (citation modified). Relevant factors include "whether the private organization relies on public funding, whether it is composed mainly of public officials, and whether those public officials 'dominate decision making of the organization.'" *Id.* (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc)).[2]

Plaintiff hasn't alleged that the organizational Defendants are "composed mainly of

[2] A second version of the nexus test "asks whether government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *Id.* (quoting *Blum*, 457 U.S. at 1004). The second version is identical to the state compulsion test, *see* Part 3, *infra*, and won't be separately evaluated.

public officials," or that public officials "dominate decision making of the organization." *Id.* (citation modified). Nor has Plaintiff alleged that Defendants rely on public funding. Plaintiff does allege that Defendants "housed parolees pursuant to . . . contractual arrangement." FAC ¶ 11. "But merely contracting with the government does not transform an otherwise private party into a state actor." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1170 (9th Cir. 2021); *see also Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). The nexus test isn't satisfied.

* * *

Plaintiff hasn't plausibly alleged that Defendants, as private entities and a private citizen, caused "the deprivation of a federal right [that] was fairly attributable to the State." *Tsao*, 698 F.3d at 1139 (citation modified). As a result, Plaintiff cannot currently pursue his § 1983 claims against Defendants. The Court grants Defendants' motion to dismiss. An amendment may not be futile, so the Court gives Plaintiff leave to amend.

If Plaintiff intends to file a second amended complaint, he must file it by September 11, 2026. If he fails to do so or files a second amended complaint that doesn't state an actionable claim for relief, the Court will dismiss the claims with prejudice.

**IT IS SO ORDERED.**

Dated: August 17, 2026

Alex G. Tse
United States Magistrate Judge